IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TAWHYNE M. PATTERSON, SR., DAMON D. WILLIAMS,<br><br>　　　　　　　　　Defendants. | 4:19CR3011<br><br><br>**ORDER** |

　　　　Defendants Tawhyne M. Patterson, Sr. and Damon D. Williams challenge the search of a residence at 1510 White Avenue, Killeen, Texas. This search was conducted pursuant to a warrant signed on August 17, 2018 by a Judge for the City of Killeen, Texas Municipal Court. (Filing No. 272; Filing No. 305). These defendants further challenge the warrant to search Patterson's red Chevy Impala, (Filing No. 268; Filing No. 305), arguing that "[i]n the event the Court sustains [the] motion challenging the Texas warrant, . . . a sufficient nexus exists between the Texas illegality resulting in the initial seizure of the car and the later Lincoln warrant to search so as to justify the application of the exclusionary rule to the items seized during that search." (Filing No. 269, at CM/ECF pp. 1-2) (citing United States v. Hastings, 685 F.3d 724, 728 (8th Cir. 2012)).

　　　　Patterson and Damon Williams argue the Texas warrant is "constitutionally infirm" because it is "simply not possible to determine from reading the affidavit who wrote it, swore to it or tendered it to the Texas judge." (Filing No. 273, at CM/ECF p. 2). The court agrees that the Texas application and signing is not a model of clarity. The application begins by identifying "Mathew Franken, being a Peace Officer under the laws of Texas," as the affiant, (Filing No. 275-2, at

CM/ECF p. 1), and after describing the property to be searched and the items to be seized, states "[y]our Affiant is Jari McPherson, who is a certified peace officer of the State of Texas." (Filing No. 275-2, at CM/ECF p. 2). Then at the end, an incoherent signature appears above a signature line which, based on the name typed under the line, indicates the application was intended to be signed by Jari McPherson, (Filing No. 275-2, at CM/ECF p. 7). But then, the issuing judge signed the affidavit after a sentence stating "Subscribed and sworn to before me by said Investigator Matthew Franken. . . ." Id.

Under the circumstances, the prudent course of action is to hold an evidentiary hearing, the purpose being to determine how the warrant hearing was held in Texas and who appeared before the judge and swore to the truthfulness of the statements within the warrant application. See, e.g., United States v. Hyten, 5 F.3d 1154, 1156 (8th Cir. 1993) (considering facts outside the four corners of the warrant application when deciding the misidentification of the affiant at the outset of the affidavit did not render the resulting warrant invalid).

Accordingly,

IT IS ORDERED:

1) A hearing will be held on the motions to suppress evidence obtained from the search of 1510 White Avenue, Killeen, Texas. (Filing No. 272; Filing No. 305).

2) The government's motion to extend the deadline to respond the defendants' motions, (Filing No. 289), is granted as follows:

   a. The government's response on the motions to sever (Filing Nos. 191, 264, and 300), motions for relief from prejudicial joinder (Filing Nos. 262 and 302), motion for independent testing, (Filing No. 180), and motion for disclosure of

      confidential informants, (Filing No. 186) shall be filed on or before September 8, 2020.

   b.   The government's response to the motions to suppress evidence obtained during the search of the Texas residence and the red Chevy Impala, (Filing Nos. 268 and 272, and the correlating portions of Filing 305) shall be filed by September 8, 2020, or three days prior to the scheduled hearing on those motions, whichever is earlier.

August 6, 2020.                    BY THE COURT:

                                       *s/ Cheryl R. Zwart*
                                       United States Magistrate Judge