IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | |
| TAWHYNE M. PATTERSON, | ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's objection (filing 381) to the Magistrate Judge's order (filing 367) denying his motion (filing 262) for relief from prejudicial joinder. The Court has conducted a de novo review of the motion pursuant to 28 U.S.C. § 636(b)(1),[1] and concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law. *See* filing 367. The Court therefore finds the defendant's objection to be without merit.

    In particular, the Court notes that the defendant's objection is primarily directed at three of the overt acts alleged in support of Count V of the operative indictment. *See* filing 382; *see also* filing 122 at 5. Those overt acts, he claims, are not actually related to the conspiracy alleged in Count V, and he suggests that Count V is just something of a Trojan Horse intended to sneak those prior bad acts into the case as a whole. *See* filing 382 at 2. But the defendant doesn't seem to argue that the *other* alleged overt acts aren't related to the conspiracy

---

[1] It's not clear what standard of review should be applied to a Magistrate Judge's ruling on a motion to sever an indictment. *See, e.g.*, *United States v. Wetsch*, No. 12-CR-45, 2013 WL 1490222, at *1 n.2 (D. Minn. Apr. 10, 2013). But this particular motion directly implicates the conduct of trial and the admissibility of evidence, so the Court concludes that a de novo review is both appropriate and prudent.

alleged in Count V, nor as far as the Court can tell is he arguing that Count V *as a whole* is improperly joined with the remaining charges. *See* filing 382. Instead, the gravamen of the defendant's argument seems to be that "[t]he face of the instant indictment does not show the first three overt acts alleged in Count V to be part of the same series of acts or transactions at issue in the remaining counts, making joinder inappropriate." Filing 382 at 3.

But if that's the argument, then the issue isn't misjoinder—instead, it's whether the first three overt acts are properly alleged as being in furtherance of the Count V conspiracy.[2] Or more to the point, the issue is whether evidence of those overt acts is admissible at trial as *res gestae* of the conspiracy, or is subject to Fed. R. Evid. 401, 402, 403, or 404. *See, e.g.*, *United States v. Ornelas*, 40 F. App'x 311, 312 (8th Cir. 2002). That issue is properly raised with a motion in limine to exclude evidence, not a motion for relief from misjoinder.[3]

IT IS ORDERED that the defendant's objection (filing 381) is overruled.

Dated this 28th day of October, 2020.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge

---

[2] The Court expresses no view, at this juncture, on whether an 18 U.S.C. § 924(o) conspiracy requires proof of an overt act. *But see United States v. Johnson*, No. 4:10-CR-253, 2012 WL 1382519, at *2 (E.D. Mo. Apr. 11, 2012); *see also United States v. Walker*, 750 F. App'x 324, 328 (5th Cir. 2018).

[3] Nor would striking those overt acts from the indictment be necessary, *see* filing 382 at 3, as it is not this Court's practice to provide the jury with a copy of the indictment.